IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:12cv341

| | |
|---|---|
| RALPH HOLDEN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AT&T CORPORATION, BELLSOUTH )<br>TELECOMMUNICATIONS, LLC., *et. al.*, )<br>)<br>Defendants. )<br>_____) | ORDER |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss or Stay Proceedings and Compel Arbitration [Doc. 6].

## PROCEDURAL HISTORY

The Plaintiff initiated this action on October 29, 2012 alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et. seq.* and state law claims. [Doc. 1]. The Defendants moved to dismiss the Complaint or, alternatively, to stay this action and to compel arbitration. [Doc. 6]. The suit derives from telephone service agreements entered into by the parties both here and in Florida. [Doc. 1].

In response to the motion, the Plaintiff, through counsel, moved for an

extension of time within which to respond representing that he needed time to investigate the possibility of settlement. [Doc. 9]. That motion was granted and the Plaintiff's response was to be filed on or before January 23, 2013. [Doc. 10]. The day after the response was to have been filed, Plaintiff's counsel moved a second time for an extension. [Doc. 11]. On January 29, 2013, while that motion was pending, the Plaintiff filed a Response in opposition to the motion to compel arbitration. [Doc. 12]. On that same day, the Magistrate Judge denied the motion for a second extension of time, noting that counsel had failed to set forth excusable neglect for missing the filing date. [Doc. 13].

The Magistrate Judge's ruling renders void the Response filed by the Plaintiff on January 29, 2013. As a result, it is stricken from the record. The Defendants' motion, therefore, has not been opposed.

## STANDARD OF REVIEW

The Federal Arbitration Act (FAA) provides that any written provision to settle by arbitration a controversy arising pursuant to a contract involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[1] 9

---

[1] Although state law determines questions related to the validity and enforceability of contracts generally, the FAA created a "body of federal substantive law of arbitrability,

2

U.S.C. §2. The parties' telephone service agreements provide for services through interstate commerce.[2] Verizon Maryland, Inc. v. Global NAPS, Inc., 377 F.3d 355, 371 (4th Cir. 2004); Cavalier Telephone, LLC v. Verizon Virginia, Inc., 330 F.3d 176 (4th Cir.), cert. denied 540 U.S. 1148, 124 S.Ct. 1144, 157 L.Ed.2d 1041 (2004). "As a result of th[e] federal policy [stated in the FAA] favoring arbitration, 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" Patten Grading & Paving, Inc. v. Skanska USA Building, Inc., 380 F.3d 200, 204 (4th Cir. 2004) (emphasis deleted) (quoting Moses H.Cone Memorial Hospital v. Mercury Construction Corporation, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). The language of the statute is clear; a judge must compel arbitration if the parties have entered into a valid arbitration agreement and the dispute falls within the scope thereof. Id. The pertinent language of the FAA is:

If any suit or proceeding be brought in any of the courts of the

---

applicable to any arbitration agreement within coverage of the Act." International Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 417 n.4 (4th Cir. 2000).

[2]The Plaintiffs do not dispute the same.

United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]

9 U.S.C. §3.

In determining whether the dispute at issue is one which should be resolved through arbitration, this Court "'engage[s] in a limited review to ensure that the dispute is arbitrable - i.e., that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement.'" Murray v. United Food and Commercial Workers International Union, 289 F.3d 297, 302 (4th Cir. 2002).

## DISCUSSION

The Plaintiff's telephone service agreements with the Defendants contained binding arbitration agreements. [Doc. 7]. Each of the agreements contains the following language:

> THIS AGREEMENT CONTAINS AN ARBITRATION PROVISION THAT GOVERNS DISPUTES BETWEEN YOU AND AT&T (SEE SECTION 9).
>
> …

> AT&T and you agree to arbitrate all disputes and claims between us. This agreement to arbitrate is to be broadly interpreted. It includes, but is not limited to:
>
> - claims arising out of or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory;
>
> …
>
> - claims that may arise after the termination of this Agreement.

[Doc. 7 at 5-6].

"The essential thrust of the [FAA] ..., is to require the application of contract law to determine whether a particular arbitration agreement is enforceable; thereby placing arbitration agreements 'upon the same footing as other contracts.'" Raper v. Oliver House, LLC, 180 N.C.App. 414, 419-20, 637 S.E.2d 551 (2006) (citation omitted); Granite Rock Co. v. International Broth. of Teamsters, __U.S. __, 130 S.Ct. 2847, 177 L.Ed.2d 567 (2010); Murray, 289 F.3d at 302 (court first must determine if an agreement to arbitrate was formed; then must assess whether the dispute falls within the scope of that agreement). "When making this determination, [courts] should apply 'ordinary state-law principles that govern the formation of contracts.'" General Electric Capital Corp. v. Union Corp. Financial Group, Inc., 142 Fed.App'x. 150, 152 (4th Cir. 2005). "Under North Carolina law, a valid contract 'requires offer, acceptance,

5

consideration, and no defenses to formation.'" Hightower v. GMRI, Inc., 272 F.3d 239, 242 (4th Cir. 2001). The parties here do not dispute that the telephone service agreements were valid contracts.

"'It is a well-settled principle of legal construction that [i]t must be presumed the parties intended what the language used clearly expresses, and the contract must be construed to mean what on its face it purports to mean.'" D.P. Solutions, Inc. v. Xplore-Tech Services Private Ltd., __N.C.App. __, 710 S.E.2d 2d 297, 300 (2011) (quoting Self-Help Ventures Fund v. Custom Finish, LLC, 199 N.C.App. 743, 747, 682 S.E.2d 746, 749 (2009), appeal dismissed 363 N.C. 856, 694 S.E.2d 392 (2010)). "The interpretation of the terms of an arbitration agreement are governed by contract principles and parties may specify by contract the rules under which arbitration will be [required]." Trafalgar House Construction v. MSL Enterprises, Inc., 128 N.C.App. 252, 256, 494 S.E.2d 613 (1998). The Court finds the language of the contract unambiguously shows the parties' intention to submit to binding arbitration. Moreover, even if the language of the contract, read as a whole, did not clearly show the parties' intent, the "FAA favors arbitration where the parties' intent is unclear[.]" Perdue Farms, Inc. v. Design Build Contracting Corp., 263 Fed.App'x. 380, 384 (4th Cir. 2008).

The language of the arbitration clause, which states it is to be interpreted "broadly," clearly shows that all disputes among the parties were to be submitted to arbitration. [Doc. 7]. The Plaintiff has raised claims based on the Fair Credit Reporting Act as well as tort and contract claims. [Doc. 1]. The disputes at issue fall within the broad scope of the clause. The Court therefore finds that the parties entered into a valid and binding agreement to arbitrate and that all of the disputes at issue fall within the scope of that agreement. Wince v. Easterbrooke Cellular Corp., 681 F.Supp.2d 679 (N.D.W.Va. 2010). Because all of the claims alleged in the Complaint are subject to arbitration, it is appropriate to dismiss this action rather than to stay it pending the completion thereof. Adkins v. Labor Ready, Inc., 303 F.3d 496 (4th Cir. 2002); Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707 (4th Cir. 2001); Minacca, Inc. v. Singh, 2010 WL 2650877 (W.D.N.C. 2010).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Response and Memorandum in Opposition to Defendants' Motion to Dismiss or Stay Proceedings and Compel Arbitration [Doc. 12] is hereby **STRICKEN**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss or Stay Proceedings and Compel Arbitration [Doc. 6] is hereby **GRANTED**.

7

**IT IS FURTHER ORDERED** that this action is hereby **DISMISSED** and the parties are hereby **ORDERED** to submit all the claims in this litigation to arbitration.

Signed: February 5, 2013

Martin Reidinger
United States District Judge